IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, #K83253, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 17–cv–997–NJR |
| vs. | ) ) |
| NICKOLAS LAMB, JOHN DUNCAN, ASSISTANT WARDEN GOINGS, ASSISTANT WARDEN BROOKHART, LIEUTENANT DALLAS, STRUBHART, and JOHN DOE, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff James Owens, an inmate in Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: over the span of 17 months, Plaintiff repeatedly requested to have a leak in the wall between his cell and a shower to be fixed, or to be moved to a cell that has no leak. (Doc. 1, p. 4). His requests were denied. *Id.* More specifically, on March 5, 2016, Plaintiff was moved to a cell where he found the wall between his cell and the shower leaked, causing water to collect on his cell floor. *Id.* Because Plaintiff is wheelchair bound, and he had to wheel through the water on the floor of his cell, his hands would become covered in water that had "been in contact with other inmates' bodily fluids which caused [him] to have bouts of diarrhea and constipation, as well as a general lack of energy and psychological stress." *Id.*

On March 15, 2016, "after repeatedly requesting a work order be placed to repair [the leak] to [his] wing officers and the cell house lieutenants," Plaintiff sent a request to Defendant

Strubhart asking for the leak to be fixed. *Id.* On March 18, 2016, Strubhart responded that the work order was submitted and that they were waiting on maintenance to fix it. *Id.* On April 17, 2016, Plaintiff sent another request to Strubhart and to the maintenance department requesting that the leak be fixed, as it had not been repaired yet. (Doc. 1, pp. 4-5). On May 8, 2016, Plaintiff filed a grievance concerning the leak. (Doc. 1, p. 5). On May 9, 2016, Strubhart responded, stating "he spoke to the plumber [defendant John Doe] by phone and was told that due to budgetary problems we do not have the supplies needed to repair the leak." *Id.*

On May 13, 2016, Plaintiff sent the grievance to the grievance officer. *Id.* On October 14, 2016, he sent it to the Administrative Review Board ("ARB") after he did not receive a response from the grievance officer. *Id.* On October 25, 2016, Sarah Johnson of the ARB refused the grievance. *Id.* On May 21, 2016, Plaintiff spoke to Warden Duncan concerning the leak, and he stated he would look into it. *Id.* On May 23, 2016, Plaintiff spoke again with Strubhart about it not having been fixed. *Id.*

On June 3, 2016, Plaintiff filed another grievance concerning the leak, "as there was now a leak coming from the plumbing closet in addition to the leak from the shower," and Plaintiff was concerned the plumbing closet leak was sewage. *Id.* Plaintiff received no response, so he sent the grievance to the ARB on October 14, 2016. *Id.* As of the date the Complaint was filed, Plaintiff had not received a response from the ARB to his second grievance. *Id.*

On July 7, 2016, Plaintiff spoke to Strubhart about the leak not being fixed. *Id.* On August 3 and 12, 2016, Plaintiff sent requests to Defendant AWO Goings requesting an interview to discuss the leak, but he never received a response. *Id.* On November 21, 2016, Plaintiff sent a request to his new counselor, Jackman, requesting the leak be fixed. *Id.* On December 18, 2016, Plaintiff sent an emergency grievance to Defendant Warden Lamb

3

concerning the leak still not being fixed. *Id.* He also sent it to the ARB on March 11, 2017, as he had not yet received a response from Lamb. *Id.* On March 15, 2016, Ann Lahr of the ARB refused the grievance "as PTF." *Id.* On February 10, 2017 and February 15, 2017, Plaintiff spoke with Defendant Lieutenant Dallas about the leak not being repaired, and Dallas told Plaintiff "he would see what he could do." *Id.*

On March 10, 2017, Plaintiff sent a request to Counselor Petty to inquire about the status of one of his previous grievances. (Doc. 1, pp. 5-6). He has not yet received a response. (Doc. 1, p. 6). On March 15, 2017, Plaintiff spoke with AWP Brookhart about the leak, along with other issues, and she told him that she would look into the situation. *Id.* On June 8, 2017, Plaintiff spoke with Strubhart again about the leak not being fixed. *Id.* On August 3, 2017, Plaintiff was sent from the prison on a court writ, and upon his return, he was placed in a different cell. *Id.*

Plaintiff seeks monetary, declaratory, and injunctive relief. (Doc. 1, p. 7).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Defendants subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment by failing to move him from his cell or remedy the leaking water and/or sewage in his cell for approximately 17 months.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

In a case involving conditions of confinement for a prisoner, two elements are required to establish a constitutional violation. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element—establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. *See also Grieveson v. Anderson*, 538 F.3d 763, 771–72, 777–79 (7th Cir. 2008).

The Seventh Circuit and other courts of appeals have found that conditions in which inmates are exposed to human waste over a period of time may satisfy the objective element of an Eighth Amendment claim. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (summary judgment improper where inmate alleged he lived with "filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste, ... [and] unfit water to drink[.]"); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls); *see also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (thirty-six hours with no working toilet, flooded cell and exposure to human waste as well as the odor of accumulated urine, stated Eighth Amendment claim). This Court will therefore consider Plaintiff to have satisfied the objective component of his conditions of confinement claim, at least at this early stage, given his allegations that he was subjected to leaking water and sewage in his cell for a prolonged period of time, resulting in his exposure to the bodily fluids of other inmates and his suffering gastrointestinal and psychological distress.

Turning to the subjective factor, Plaintiff alleges that he notified or spoke with

Defendants Goings, Lamb, Duncan, Strubhart, Brookhart, and Dallas about the condition of his cell, but none of them took sufficient action, if any action at all, to remedy his issue. Plaintiff also claims John Doe, the plumber at Lawrence, was aware of the condition of his cell but failed to remedy it. These actions are sufficient at this stage for Plaintiff to proceed with his deliberate indifference claim against these defendants.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against John Doe. This defendant must be identified with particularity, however, before service of the Complaint can be made on him. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Warden Lamb is already named and shall be responsible for responding to discovery (formal or otherwise) aimed at identifying John Doe. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of John Doe is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** will **PROCEED** against **GOINGS**, **LAMB**, **DUNCAN**, **STRUBHART**, **BROOKHART**, **DALLAS**, and **JOHN DOE**.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **GOINGS**, **LAMB**, **DUNCAN**, **STRUBHART**, **BROOKHART**, **DALLAS**, and **JOHN DOE** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons),

and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant **JOHN DOE** until such time as Plaintiff has identified him by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendant with particularity. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local

Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 6, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**